# ARTHUR SLAUGHTER v. ILLINOIS CENTRAL RAILROAD COMPANY.[1]

February 27, 1914.

Nos. 18,453—(264).

**Safety Appliance Act — charge to jury.**

> Action for personal injuries based upon the Federal Safety Appliance Act. The coupling appliances were defective, and plaintiff, in violation of a rule of the company, stepped between moving cars to uncouple them by hand and was injured. The court instructed the jury, in effect, that plaintiff could recover, notwithstanding the violation of this rule, if, in consequence of the defective appliances, there was a reasonable necessity to go between the cars in the practical performance of his work. It was held in Popplar v. Minneapolis, St. Paul & S. S. M. Ry. Co. 121 Minn. 413, that such was the rule.

Action in the district court for Ramsey county under the Federal Safety Appliance Act to recover $25,000 for personal injury received while in the employ of defendant. The answer alleged that the train about which plaintiff was employed was not being used to carry interstate commerce and plaintiff was not engaged in the work of interstate commerce; that section 780 of the Kentucky Statutes did not require the railroad company to block a guard rail, and that statute was the only statute in force at the time of the accident. The case was tried before Dickson, J., who denied defendant's motion for an instructed verdict in its favor, and plaintiff's motion to instruct the jury that the defense of contributory negligence was not in the case, and a jury which returned a verdict of $6,750 in favor of plaintiff. From an order denying its motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

[1] Reported in 145 N. W. 790.

Note.—The question of the duty and liability under Federal and state railway safety appliance acts is discussed in notes in 20 L.R.A.(N.S.) 473 and 41 L.R.A. (N.S.) 49.

*Butler & Mitchell,* for appellant.
*Samuel A. Anderson* and *A. F. Storey,* for respondent.

TAYLOR, C.

Plaintiff recovered a verdict for personal injuries. The usual alternative motion for judgment notwithstanding the verdict, or for a new trial, was made and denied, and defendant appealed.

Defendant is an interstate railroad engaged in both interstate and intrastate commerce. Plaintiff was employed as a brakeman upon a freight train engaged in intrastate business. At the time of the accident, the crew of which plaintiff was a member was engaged in the operation of "kicking" a car onto a side track in defendant's yard at Beaver Dam, Kentucky. The conductor gave the backup and "kick" signals. Plaintiff got upon the ·side ladder, at the end of the car next to the one to be driven upon the sidetrack, ready to uncouple the latter at the proper time. As they approached the sidetrack, he tried the pin lifter several times and found that it would not work. The pin lifter upon the other car was broken and could not be used. He stepped off the ladder and went in between the cars for the purpose of lifting the pin with his hand. While he was in the act of doing so, his foot was caught between the guard rail and some other portion of the switch and crushed by the car behind him.

Plaintiff predicates his cause of action upon the Federal Safety Appliance Act, and ˙it is conceded that this act gives him a right of action, unless he is barred from recovery by his own contributory negligence. A rule, with which the plaintiff was familiar, was in force on defendant's road, prohibiting employees from attempting to uncouple cars by hand while they were in motion. Plaintiff violated this rule. The trial court instructed the jury, in substance, that plaintiff could recover, notwithstanding the violation of this rule, if, under the circumstances, and by reason of his inability to uncouple the car by means of the pin lifter, there was a reasonable necessity, at the time, to go between the cars in the practical performance of his work.

Defendant contends that the charge of the court in this respect was reversible error. The two paragraphs to which specific exception

125 M.—7.

is taken must be considered in connection with the remainder of the charge, and when so considered are to the effect above stated. The trial court evidently had in mind the case of Popplar v. Minneapolis, St. Paul & S. S. M. Ry. Co. 121 Minn. 413, 141 N. W. 798, and followed it, in substance, in his instructions. The facts in the present case are so nearly identical with those considered in the Popplar case, that the decision in that case controls the decision in this. While some of the language employed by the court in defining what would constitute contributory negligence on the part of plaintiff, and the circumstances under which he could recover, was not used in the charge in quite the same connection as in the decision in the Popplar case, the court, in effect, applied the principles laid down in that case, and the charge, taken as a whole, did not transcend the rule there announced.

The order appealed from is affirmed.